UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP E. SMITH,<br><br>        Plaintiff,<br><br>  v.<br><br>LAS VEGAS MTROPOLITAN POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 2:15-cv-01011-JCM-PAL<br><br>**ORDER**<br><br>(Mots. Serve Defs. – ECF Nos. 14, 24) |

   This matter is before the court on Plaintiff Phillip E. Smith's Motions to Serve Defendants (ECF Nos. 14, 24).[1] These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

   Mr. Smith is a pretrial detainee in custody at the Nevada Southern Detention Center, and he proceeding in this civil rights action *pro se* and *in forma pauperis* ("IFP"). On June 1, 2015, he commenced this action by filing an IFP Application (ECF No. 1) and complaint. Upon review of the complaint, the court issued a Screening Order (ECF No. 4) instructing Smith to file an amended complaint to correct certain defects in his pleading. Once he did so, *see* Am. Compl. (ECF No. 6), the court issued a second Screening Order (ECF No. 9) finding that the amended

---

[1] The court notes that the Motions appear to be identical; thus, they are duplicate requests for relief. The court cautions Mr. Smith that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run. Mr. Smith is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

1 complaint stated a plausible Eighth Amendment claim for deliberate indifference to serious
2 medical needs against Defendants officer Seymore, and Sgt. Warburton. *Id*. at 5. The Las Vegas
3 Metropolitan Police Department ("LVMPD") was dismissed without leave to amend because
4 amendment would be futile. *Id*. at 6.

5 The court directed the Clerk of the Court to issue summons to Defendants and deliver the
6 same to the U.S. Marshal Service ("USM") for service. *Id*. Mr. Smith was instructed that, if the
7 USM returns any summons unexecuted for any defendant(s) and he wishes to have service
8 attempted again on an unserved defendant(s), he must file a motion "identifying the unserved
9 defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether
10 some other manner of service should be attempted." *Id*.

11 Defendant Seymore was served on July 1, 2016. *See* Executed Summons (ECF No. 11).
12 Mr. Smith properly submitted a USM-285 form for Defendant Warburton; however, the USM was
13 unable to complete service at the address he provided. *See* Unexecuted Summons (ECF No. 12);
14 Notice Summons Returned Unexecuted (ECF No. 13).

15 Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be served within
16 90 days. A court may dismiss an action without prejudice if the summons and complaint are not
17 served on the defendants within 90 days or such further time as ordered by the court. *Id*.; *see also*
18 *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). However, Rule 4(m) requires the court to
19 extend the time for service if a plaintiff shows "good cause" for the failure to timely serve the
20 complaint. Courts must apply considerable leeway when assessing whether a pro se plaintiff's
21 failure to comply strictly with time limits such as those established by Rule 4(m) should be excused
22 for good cause, "*especially* when that litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050,
23 1058 (9th Cir. 1992) (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), *overruled on*
24 *other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). In cases involving
25 an incarcerated pro se plaintiff, the USM will serve the summons and the complaint upon order of
26 the court. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). But the plaintiff is still responsible for
27 providing the USM with information necessary to locate each defendant to be served. *See Walker*
28 *v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds*, *Sandin v. Conner*,

515 U.S. 472 (1995).

Here, the USM was unable to complete service on Defendant Warburton at the address Mr. Smith provided because the Defendant is no longer employed by LVMPD.  *See* Unexecuted Summons (ECF No. 12).  Smith timely filed his first Motion (ECF No. 14) before the expiration of the 90-day service deadline asking to subpoena additional information to complete service.  Thus, he has shown good cause to extend the time for service, and the court therefore extends the deadline to accomplish service until **December 27, 2016**.

The Motion provides an alternative address for Defendant Warburton.  Thus, the court will direct the Clerk of the Court to reissue summons and mail Smith another blank USM-285 form to attempt service again.  If the USM is unable to serve Defendant Warburton and Smith wishes to have service attempted again, he must file a timely motion specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m), Smith's failure to comply with this Order by accomplishing service by **December 27, 2016**, will result in a recommendation to the district judge that Defendant Warburton be dismissed without prejudice.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Phillip E. Smith's Motions to Serve Defendants (ECF Nos. 14, 24) are GRANTED.
2. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service on Defendant Warburton is extended until **December 27, 2016**.
3. The Clerk of the Court SHALL REISSUE summons to Defendant Warburton AND DELIVER THE SAME to the USM for service, along with a copy of the Amended Complaint (ECF No. 6), and this Order.
4. The Clerk of the Court shall MAIL Mr. Smith a USM-285 form and a copy of this Order.
5. Mr. Smith shall have 21 days in which to provide the USM with the relevant information on the USM-285 form to reattempt service on Defendant Warburton.

3

6. After attempting service, the USM shall file a notice with the court indicating whether Defendant Warburton was served.

7. If the USM is unable to serve Defendant Warburton and Smith wishes to have service attempted again, he must timely file a motion specifying a more detailed name and/or address for Defendant Warburton, or whether some other manner of service should be attempted.

8. Mr. Smith must comply with this Order by accomplishing service by **December 27, 2016**, and his failure to complete service by that deadline may result in a recommendation to the district judge that Defendant Warburton be dismissed from this case without prejudice.

Dated this 26th day of October, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE