1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PHILLIP E. SMITH,

                                    Plaintiff,

        v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, et al.,

                                    Defendants.

Case No. 2:15-cv-01011-JCM-PAL

**ORDER**

(Mot. Appt. Counsel – ECF Nos. 19, 27;
Mot. for Exhibits – ECF Nos. 20, 28)

13      This matter is before the court on Plaintiff Phillip E. Smith's Motions for Appointment of

14 Counsel (ECF Nos. 19, 27) and Motion for Court Order for Exhibits (ECF No. 20, 28).  These

15 Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of

16 the Local Rules of Practice.

17                              **BACKGROUND**

18      Mr. Smith is a pretrial detainee in custody at the Nevada Southern Detention Center, and

19 he proceeding in this civil rights action *pro se* and *in forma pauperis* ("IFP").  On June 1, 2015,

20 he commenced this action by filing an IFP Application (ECF No. 1) and complaint.  Upon review

21 of the complaint, the court issued a Screening Order (ECF No. 4) instructing Smith to file an

22 amended complaint to correct certain defects in his pleading.  Once he did so, *see* Am. Compl.

23 (ECF No. 6), the court issued a second Screening Order (ECF No. 9) finding that the amended

24 complaint stated a plausible Eighth Amendment claim for deliberate indifference to serious

25 medical needs against Defendants officer Seymore, and Sgt. Warburton.  *Id*. at 5.  The Las Vegas

26 Metropolitan Police Department ("LVMPD") was dismissed without leave to amend because

27 amendment would be futile.  *Id*.  at 6.  On July 21, 2016, Defendant Seymore filed a Motion to

28 Dismiss (ECF No. 15) the claim against him.  To date, Defendant Warburton has not been served

1   with the Amended Complaint.  *See* Unexecuted Summons (ECF No. 12); Notice Summons

2   Returned Unexecuted (ECF No. 13).  However, in a separate order, the court extended the time for

3   Smith to accomplish service.

4   **DISCUSSION**

5        As a preliminary matter, the court notes that the Motions are virtually identical; thus, they

6   are duplicate requests for relief.  Additionally, Mr. Smith has previously filed a Motion for

7   Appointment of Counsel (ECF No. 8) which the court denied.  *See* June 1, 2016 Screening Order

8   (ECF No. 9).  The court cautions Smith that filing multiple motions requesting the same relief is

9   an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit.

10   Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an

11   unrepresented party who signs a paper that is either filed with the court for an improper purpose

12   or is frivolous.  *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th

13   Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely

14   duplicated the first) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358. 1362 (9th Cir.

15   1990) (en banc)).  Once a motion is filed, filing a duplicate motion will not speed up the court's

16   review of a movant's request since motions are generally addressed in the order which they were

17   filed.  To the contrary, filing duplicate motions increases the court's workload and generally delays

18   decision while a new round of responses and reply deadlines run.  Mr. Smith is warned that

19   continued motion practice requesting relief that has already been denied or making frivolous,

20   unsupported requests may result in the imposition of sanctions, up to and including dismissal of

21   this case.

22   **I.    MOTIONS FOR APPOINTMENT OF COUNSEL (ECF NOS. 19, 27)**

23        Mr. Smith's current Motions for Appointment of Counsel are the second and third time he

24   has requested the appointment of counsel.  The court denied the previous motions because he did

25   not establish exceptional circumstances exist to justify the appointment of counsel.  June 1, 2016

26   Screening Order (ECF No. 9).   Smith's current Motion fails to present any change in

27   circumstances.  In fact, these Motions are virtually identical to the first motion.  Plaintiff's filings

28   demonstrate is able to communicate his complaints and what relief he is seeking.  Accordingly,

1    these Motions are denied.

2    **II.    MOTION FOR COURT ORDER FOR EXHIBITS (ECF NO. 20, 28)**

3         In these Motions, Mr. Smith asks the court to issue an order "directing outside sources

4    (business partners, family etc.)" to send him six recorded albums, certain exhibits related to his

5    2004 Honda Accord, a disc containing crash photos, videos and pictures of his arrest, and

6    documents related to "the Asset Finder's business and potential earnings." *See* Mot. (ECF No. 28)

7    at 2.

8         Filing a motion with the court is not the proper procedure for requesting written discovery

9    materials from a party or non-parties to this action.  Once the court enters a scheduling order, the

10   parties are permitted to engage in discovery.  *See* Fed. R. Civ. P. 16; LR 16-1(b).  Discovery

11   requests must be served *directly on opposing parties*, or non-parties who are believed to have

12   discoverable information.  Once a party or non-party is served with a proper discovery request he

13   or she has 30 days to respond and an additional 3 days for mailing.  *See* Fed. R. Civ. P. 34.

14   Discovery requests and responses should not be filed with the court.  The Local Rules of Civil

15   Practice for this court also state:

16          Unless otherwise ordered by the Court, written discovery, including responses
            thereto, and deposition transcripts, shall not be filed with the Court.  Originals of
17          responses to written discovery requests shall be served on the party who served the
            discovery request and that party shall make such originals available at the pretrial
18          hearing, at trial, or on order of the Court.

19   LR 26-8.

20        The court denies Smith's Motions because they do not follow the proper discovery

21   procedures.  If the district judge rules on the pending Motion to Dismiss (ECF No. 15) filed by

22   Defendant Seymore and determines that Smith has stated a plausible claim, the court will enter a

23   Scheduling Order allowing discovery in this case to begin.  Only then may Mr. Smith serve written

24   discovery requests on Defendant and non-parties seeking relevant documents, information, and

25   evidence to support his claims.  Smith should carefully review the discovery rules contained in

26   Rules 26–36 and 45 of the Federal Rules of Civil Procedure and the Local Rules of Practice to

27   ensure that he follows the appropriate procedures for both parties and non-parties to this action.

28        For the reasons explained,

**IT IS ORDERED:** Plaintiff Phillip E. Smith's Motions for Appointment of Counsel (ECF Nos. 19, 27) and Motion for Court Order for Exhibits (ECF No. 20, 28) are DENIED.

Dated this 26th day of October, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE