UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP E. SMITH, | Case No. 2:15-CV-1011 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

Presently before the court is defendant Officer Seymore's ("Seymore") motion to dismiss. (ECF No. 15). The plaintiff, Phillip E. Smith ("Smith"), filed a response (ECF No. 21), to which Seymore replied (ECF No. 22). Sergeant Warburton ("Warburton") joined Seymore's motion to dismiss and reply in support of the same. (ECF No. 35).

**I.     Facts**

On May 18, 2010, Smith was allegedly involved in "a head on collision with a commercial tour bus." (ECF No. 6 at 4). Smith alleges that the accident caused multiple injuries to his head, chest, and back. *Id.*

After the accident, police arrived at the scene. *Id.* Smith then allegedly told Seymore about his injuries. *Id.* Smith asserts that after asking for a doctor several times due to pain of his injuries, Seymore told Smith to "shut up" and threatened him. *Id.*

Soon after, Warburton approached the patrol car where Smith was being held. *Id.* When Smith saw Warburton, he allegedly asked for a doctor again. *Id.* Smith claims Warburton ignored him and did not assist him. *Id.*

**James C. Mahan
U.S. District Judge**

Smith brings suit under 42 U.S.C. § 1983 in his first amended complaint, alleging that the officers engaged in cruel and unusual punishment under the Eighth Amendment of the United States Constitution. *Id.* Smith filed his amended complaint on December 4, 2015—over five years after Smith admittedly first learned of his injuries. *Id.*

Smith asks the court to deny Seymore and Warburton's motion to dismiss and further moves this court to equitably toll the statute of limitations. (ECF No. 21). Smith argues that this court should toll the statute of limitations because he did not have adequate access to a law library until four years after his incarceration and because he feared that Seymore and Warburton would retaliate against him if he did file a complaint. *Id.*

**II.    Legal Standard**

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*

James C. Mahan
U.S. District Judge

- 2 -

at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679.  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

   *a.   Statute of limitations*

Statute of limitations exist to protect the interests of defendants who have not been notified within a reasonable period of time from the start of the initial claim.  *U.S. v. Kubrick*, 444 U.S. 111, 117 (1979).  Statutes of limitations protect defendants from prejudice by defending against claims in which the evidence has dissipated with time.  *Id.*

With regard to 42 U.S.C. § 1983, the forum state's law governs the duration of the statute of limitations period for personal injury claims.  *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  Under Nevada law, the statute of limitations for personal injury claims vary depending on the type of claim.  *See* Nev. Rev. Stat. 11.190.  In a situation like this one, where a state has multiple statute of limitation periods for personal injuries, the court will apply the residual limitation period.  *Perez v. Seevers*, 869 F.3d 425, 426 (9th Cir. 1989).

In Nevada, the residual statute of limitations for personal injury is two years under NRS 11.190(4)(e).  *Id.*  Thus, that period governs here.  Further, the period of limitations begins to run under § 1983 when the plaintiff "knows or has reason to know" of the injury upon which the action is based.  *Cabarea v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998).

1   Here, it is uncontested that Smith filed his lawsuit after the statute of limitations had run. *See* (ECF No. 21).  Smith knew of his injury on May 18, 2010, when he allegedly asked the officers for medical help, and the officers allegedly failed to comply.  (ECF No. 6).  Accordingly, the limitation period began on May 18, 2010.  Five years later, well after the two-year statute of limitation period had elapsed, Smith filed the present complaint.  *Id.*  Therefore, the question of equitable tolling is the dispositive issue for this motion.

b.  *Equitable tolling of the statute of limitations*

While the statute of limitations period ensures that defendant rights are protected, courts have looked to equitable relief to escape the rigidity of the statute of limitations for certain plaintiffs.  *See Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946).  Thus, when plaintiffs show that there is an excusable delay such as the plaintiff not having "known of the existence of a possible claim within the limitations period," then equitable tolling acts as a mechanism for the plaintiff to seek relief from the court.  *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).

Equitable tolling standards are determined by the law of the forum state.  *Jones*, 393 F.3d at 927.  In Nevada, courts look to the factors established in *Copeland v. Desert Inn Hotel* when evaluating whether to toll the statute of limitations.  673 P.2d 490, 492 (Nev. 1983); *see also Wisenbaker v. Farwell*, 341 F. Supp. 2d 1160, 1164–65 (D. Nev. 2004) (utilizing the *Copeland* factors to determine whether a period of limitations should be tolled on a prisoner's claim).  The *Copeland* factors include:  (1) "the diligence of the claimant"; (2) "claimant's knowledge of the relevant facts"; (3) claimant's reliance on authoritative statements of administrative agencies that were misleading regarding the claimant's rights; (4) false assurances from the defendant to the plaintiff; (5) actual prejudice to the defendant as a result of allowing the claim after the statute of limitations has run; and (6) "any other equitable considerations appropriate in the particular case."  *Copeland*, 673 P.2d at 492; *see also* Nev. Rev. Stat. 11.250.

Here, while the plaintiff does not explicitly allege the *Copeland* factors, the court will look to the facts alleged to determine if these facts, taken as true, allow the court to equitably toll the statute of limitations.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (acknowledging that the

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  facts presented in a handwritten prisoner's complaint must generally be accepted no matter how
2  poorly pleaded).  In this case, the facts weigh strongly against tolling the limitation period.

3  Smith shows that he knew his rights were violated since he was first taken into custody in
4  2010.  (ECF No. 6).  Smith also indicates—based on his attempts to use the law library and his
5  alleged fear of retribution by the officers if he attempted to file a claim—that he knew within the
6  limitation period that he had a claim under § 1983.  (ECF No. 21).  Therefore, Smith knew the
7  relevant facts enabling the claim since he was first taken into custody.

8  Based on the alleged facts, Smith did not detrimentally rely on any administrative agency
9  statements.  Smith alleges no facts that he ever requested medical attention once he arrived in the
10 prison nor that he asked the prison officials for help filing a legal case under § 1982.  *See* (ECF
11 No. 6).  The above facts suggest that Smith purposefully did not discuss filing a claim or his injuries
12 with anyone, due to an unsupported fear of retribution by Seymore and Warburton.  (ECF No. 21).

13 As a result of Smith's failure to discuss his injuries or his potential legal claim with anyone
14 and Smith's failure to file a legal claim, both Seymore and Warburton have been prejudiced.  (ECF
15 No. 22).  It does not appear that the officers or the Las Vegas Metropolitan Police Department
16 investigated the alleged incident or preserved any evidence.  *Id.*  This failure to file a claim in the
17 statute of limitation period therefore prejudices defendants and also creates difficulties for the court
18 in determining the truth of what occurred on May 18, 2010—nearly seven years after the alleged
19 incident and five years after the statute of limitations had run.

20 Smith states that he would have diligently pursued his claim but for inadequate access to
21 the law library in the prison and fear of retribution by Seymore and Warburton.  (ECF No. 21).
22 While access to a law library or alternative methods of providing legal assistance to inmates are
23 important for providing inmates with access to the courts, Smith has not alleged sufficient facts to
24 show that the prison denied him essential legal services.  *See Bounds v. Smith*, 430 U.S. 817, 830
25 (1977) (explaining that law libraries are not necessary to assure meaningful access to the courts),
26 *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996).  Smith neither alleges that he
27 attempted to ask for additional help in researching his legal claim nor asserts that he was unable to
28 gain the forms necessary to file his complaint between 2011 and 2014.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Finally, Smith's allegations that: (1) Seymore and Warburton were spying on him; and (2) they were monitoring his mail and phone calls to assure that he did not file a legal complaint, are merely speculative. *Iqbal*, 556 U.S. at 678. Smith asserts that the officers were monitoring him, but he alleges no facts that bring this allegation "above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, the court grants the present motion to dismiss because Smith's claims are time-barred by the applicable statute of limitations.

### IV.   Conclusion

The court grants defendants' motion to dismiss because the statute of limitations has run on Smith's sole claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Seymore and Warburton's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED February 14, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**